## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HAROLD SPENCER WILLIAMS,

                Petitioner,

v.                                         Case Number: 06-CV-15262

JAN E. TROMBLEY,

                Respondent.

_____/

### OPINION AND ORDER DENYING "MOTION FOR CERTIFICATE OF APPEALABILITY," AND GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

On July 29, 2009, Petitioner filed a "Motion for Certificate of Appealability" and a "Motion for Leave to Proceed In Forma Pauperis," concerning this court's June 30, 2009 opinion and order denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

In its June 30, 2009 opinion and order, the court addressed the issue of a certificate of appealability and declined to issue Petitioner a certificate. (6/30/09 Order

at 31-32.)  The court will therefore construe Petitioner's present motion as a motion for reconsideration, and the court will deny the motion.  However, the court will grant Petitioner's motion to proceed on appeal *in forma pauperis.*

## I. STANDARD

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

### A.  Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by

2

demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

## 1. Ineffective Assistance of Trial Counsel Claims

Having reviewed the matter, the court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his ineffective assistance of counsel claims regarding counsel's failure to seek an interlocutory appeal and counsel's failure to call the treating physicians. Petitioner failed to allege facts which demonstrate that counsel was deficient or that he was prejudiced by counsel's conduct under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

With regard to counsel's failure to seek an interlocutory appeal, the court

3

concluded that Petitioner could not demonstrate substantial harm.

> There was sufficient evidence presented at the preliminary hearing to establish probable cause of assault with intent to murder; Petitioner brought at least one gun with him to his brother's house, he lied to obtain access to the house, and he fired numerous shots at his brother, without any apparent provocation, hitting him at least once.

(6/30/09 Order at 17.)

As to counsel's failure to call the treating physicians, the court found that the Michigan Court of Appeals correctly analyzed the issue; Petitioner was not deprived of a substantial defense because the jury had the actual medical records. (*Id.* at 18.)

Consequently, the court's decision regarding Petitioner's ineffective assistance of trial counsel claims is not debatable amongst reasonable jurists. Further, Petitioner has not made a substantial showing of the denial of a constitutional right concerning those claims.

Regarding Petitioner's remaining ineffective assistance of counsel claims–failing to request jury instruction for an accident defense and lesser included offenses of assault with intent to murder, failing to object when those instructions were not given sua sponte, and failing to object to improper religious remarks made by the prosecutor, the court found those claims procedurally defaulted. (*Id.*) The court finds that jurists of reason would not find it debatable whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

## 2. Prosecutorial Misconduct Claims

With regard to Petitioner's prosecutorial misconduct claims, because Petitioner failed to present the issues to the state's highest court, the court found those claims to be procedurally defaulted. The court also concluded that, as such, Petitioner could not, as a matter of law, raise those arguments in an effort to establish that his trial counsel was ineffective. (6/30/09 Order at 24.) Again, the court finds that jurists of reason would not find its procedural ruling debatable.

## 3. Insufficient Evidence Claim

As to Petitioner's insufficient evidence claim, the court found:

> The circumstances presented prior to the assault established that
> Petitioner planned his attack. Petitioner was stalking his brother. He used
> a ruse to gain entrance to his brother's house, telling him that their father
> had died and that he was unable to reach him because there was an
> apparent problem with his phone. The death certificate established that
> his father did not die until six months later. Evidence was also presented
> that Petitioner purchased a Suburban three days before the assault and
> did not register the vehicle. And, although Petitioner did not speak to his
> brother in almost a year, he nevertheless went to his house, after stalking
> him, with two loaded but unregistered guns.

(*Id.* at 26-27.) Against that backdrop, the court finds that reasonable jurists would not find its ruling debatable or wrong.

## 4. Sentencing Claims

The court held that Petitioner's sentencing claims were not cognizable on habeas corpus review because they are claims that implicate state law. And, to the extent that Petitioner alleged an Eighth Amendment violation, the court correctly concluded that federal courts do not engage in proportionality analyses except where the penalty is death or life in prison without the possibility of parole. *See United States v. Thomas*, 49

F.3d 253, 261 (6th Cir. 1995).  Therefore, as to this claim, the court also finds that reasonable jurists would not find its ruling debatable or wrong.

### 5.  Ineffective Assistance of Appellate Counsel and Jury Instruction Claims

The court found that these claims were procedurally defaulted, and that appellate counsel's failure to raise the claims of ineffective assistance of trial counsel regarding the above-stated claims did not deprive Petitioner of a victory; Petitioner failed to demonstrate that the issues allegedly ignored by appellate counsel were clearly stronger than those that were presented.  The court finds that reasonable jurists would not find its ruling debatable or wrong.

### 6.  Cumulative Error Claim

Finally, the court found that Petitioner was not entitled to habeas relief on a cumulative error theory because "the Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief."  *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002), *opinion corrected on denial of reh'g*, 307 F.3d 459 (6th Cir. 2002).  Thus, the court concludes that reasonable jurists would not find its ruling debatable or wrong.

For the reasons discussed above, the court finds that Petitioner is not entitled to a certificate of appealability.  Accordingly, Petitioner has not demonstrated "a palpable defect by which the court and the parties have been misled."  E.D. Mich. LR 7.1(g)(3).

### B.  Leave to Proceed on Appeal *In Forma Pauperis*

The standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability.  *See Foster v.*

6

*Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith.  28 U.S.C. § 1915(a) (3); Fed. R. App. P. 24(a); *Foster*, 208 F. Supp. 2d at 764-65.  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.  *Foster*, 208 F. Supp. 2d at 765.  Although the court declines to issue a certificate of appealability, the court cannot conclude that Petitioner's claims are frivolous.  Accordingly, the court will grant Petitioner's motion for leave to proceed on appeal *in forma pauperis*.

### III.  CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 22] is DENIED.

IT IS FURTHER ORDERED that Petitioner's Application for Leave to Proceed In Forma Pauperis [Dkt. # 23] is GRANTED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 18, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 18, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522